**ST. IOANNIS SHIPPING CORPORATION, a corporation, Appellant,**

v.

**ZIDELL EXPLORATIONS, INC., a corporation, Appellee.**

**No. 19171.**

United States Court of Appeals
Ninth Circuit.

Aug. 20, 1964.

Lofton L. Tatum, John D. Mosser, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellant.

Robert F. Maguire, Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

By libel in personam, appellant, owner of the ship "Ioannis K," seeks to recover demurrage from appellee, as shipper, in connection with a shipment of scrap metal from Portland, Oregon, and Tacoma, Washington, to Osaka and Tokyo, in Japan.

In both Japanese ports cargo is discharged from ships onto lighters at buoys stationed out in the harbor. Ships on arrival are assigned to buoys by the port authorities. On its arrival at both Osaka and Tokyo the "Ioannis K" encountered congestion in the harbor. On clearing with the port authorities, she was assigned to a position outside the harbor until, by rotation (on a first-come-first-served basis), she could be assigned to a discharge buoy. The issue presented by appellant's libel is whether the delay after the arrival at port and before discharge could be commenced is chargeable to the ship owner or to the shipper. Upon this issue the district court rendered judgment in favor of appellee shipper, and the ship owner has appealed.

In the district court appellee contended that its contract with appellant constituted a "berth charter" as distinguished from a "port charter," and that lay time would not commence to run until the ship had arrived at a discharge buoy. It also contended that the "Ioannis K" was a "general ship" with the same legal consequences. Both issues were resolved in favor of appellant.

The district court's judgment in favor of the shipper was based upon its determination that appellant on arrival at port, had failed to give notice to appellee of the ship's arrival and readiness to discharge; that under the terms of the charter [1] lay time would not start to run until such notice was given.

On appeal, appellant contends that for several reasons this condition should not be imposed under the circumstances of this case.

█ █ Appellant contends that appellee had actual notice of the ship's arrival. The district court found against appellant on this issue and the finding is not clearly erroneous. It is true that once discharge of cargo commenced appellee had notice, but there is nothing in the record to establish that appellee had notice of the ship's arrival at port and of the delay encountered in securing a buoy. Undoubtedly, as appellant asserts, appellee, by inquiry or by diligently following the progress of its shipment, could have ascertained this fact. Nothing in its contract, however, imposes such a duty. On the contrary, appellee could rely upon its right to receive notice from the ship owner.

Appellant contends that there was no one in port to whom notice of arrival could have been given. Even assuming this to be so,[2] the charter did not limit its

---

1. The applicable provision of the charter provided: "Time to commence at each port at 8:00 a.m. the first working day after notice of readiness is given."

2. Appellee denies this. It concedes that it had no company agent in port to receive notice, but points out that its consignees were specified on the bills of lading as parties to be notified and that no notice was given to them. Appellant asserts that "notify parties" in a bill of lading do not thereby occupy the status of shipper's agents under a charter's requirement of notice of readiness. This issue we need not decide.

requirement of notice to an agent in port. No attempt was made to give notice to appellee by means of telegraph or radio and it does not appear that such efforts could not have succeeded.

Appellant asserts that it is the custom where notice of readiness is required to give it to the charterer's or shipper's agent at port of discharge, and in the absence of such agent no notice at all need be given. There is nothing in the record to show that such is the custom and we have found no case holding that such is the law. In Hatten v. De Belaunzaran (S.D.N.Y.1885) 25 F. 780, upon which appellant relies, the charter specified that notice should be given to the charterer's agent at port of discharge.

■ Appellant asserts that appellee did have an agent present in Japan who had failed to make his presence known to appellant, and that appellee has thereby somehow waived its right to receive notice. We cannot agree.

Finally, appellant asserts that no prejudice resulted to appellee through failure to give notice, since in no event could such notice have speeded the discharge of cargo; that under these circumstances the failure to give notice should not result in a forfeiture of its right to demurrage. We cannot agree.

■■ It is concededly the law that under a charter such as the one here, where the lay time is calculable beforehand, delays in the securing of the berth for a discharge of cargo, once the ship has arrived at port, are chargeable to the charterer. Carvers, Carriage of Goods by Sea, 831 (10th Ed. 1957). If a shipper is to be thus charged he is entitled, where the contract so provides, to notice that the responsibility for the securing of discharge facilities is now resting on his shoulders. Carvers, supra, at 863. The fact that in the judgment of the ship's master nothing can be done to speed discharge does not relieve him of his duty to give notice. It is the right of the shipper to seek to minimize the delay. He is not bound to accept the judgment of another as to what is his responsibility, even though as a matter of hindsight that judgment can be justified.

We conclude that the district court did not err in ruling that lay time, in the absence of notice, did not commence to run until discharge had begun.

■ Appellant further assigns as error or abuse of discretion the refusal of the district court to permit the reopening of the case so that evidence of actual notice on the part of the consignees could be presented. This was not error or abuse of discretion. The issue of notice was present from the outset. The proof so tardily offered was available at all times.

Judgment affirmed.